IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **Wolverine Barcode IP, LLC,**<br>　　　　**Plaintiff**<br><br>v.<br><br>**The Kroger Co.,**<br>　　　　**Defendant.** | Civil Action No. 7:25-cv-00401<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND COUNTERCLAIMS

The Kroger Co. ("Kroger") by and through its attorneys hereby submits its Answer and Counterclaims in response to Wolverine Barcode IP, LLC ("Wolverine") Complaint For Patent Infringement (Dkt.1) ("Complaint").

In response to each of the numbered paragraphs of the Complaint, Kroger states as noted below and, to the extent any additional allegations exist and are not addressed below, they are denied. The headings and subheadings used in this response follow those in the Complaint for convenience only and no admission is made by their use.

## THE PARTIES

1.　Kroger is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

2.　Kroger admits that The Kroger Co. is a corporation organized under the laws of the State of Ohio and having its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202. Kroger admits that The Kroger Co. is registered to do business with the State of Texas and may be served with appropriate process through its registered agent. Kroger denies the remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

3. Kroger admits that, for purposes of this case only, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Kroger admits that, for purposes of this case only, it will not challenge personal jurisdiction in this Court. Kroger admits that it conducts business in Texas, that it is registered with the Texas Secretary of State, and it maintains an active right to transact business in Texas. Kroger denies the remaining allegations in this paragraph of the Complaint.

5. Kroger, for purposes of this case only, admits that it will not challenge venue under 28 U.S.C. § 1400(b) in this Court as to Kroger. Kroger denies the remaining allegations in this paragraph of the Complaint.

**INFRINGEMENT –Alleged Infringement of the '689 Patent**

6. Kroger admits that the USPTO issued U.S. Patent No. 9,280,689 with the title identified in this paragraph. Kroger denies that such issuance was "duly" or "legally" to the extent that these terms suggest that the '689 Patent is valid or enforceable. Kroger denies the remaining allegations of this paragraph of the Complaint.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

**JURY DEMAND**

No response is warranted as to Wolverine's jury demand.

**CONDITIONS PRECEDENT**

13. Kroger is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

14. Kroger is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

15. To the extent that Kroger has not yet identified "an alleged unmarked product" for which Section 287(a) would apply, discovery had not yet begun when the Complaint was filed and therefore this is a premature statement. Furthermore, Kroger is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including but not limited to the allegation that "Plaintiff will develop evidence in discovery", and on that basis denies them.

16. This paragraph contains legal conclusions, for which no response is required. Fed. R. Civ. P. 8(b)(6). To the extent a response is required, the allegations are denied.

17. This paragraph contains legal conclusions, for which no response is required. Fed. R. Civ. P. 8(b)(6). To the extent a response is required, the allegations are denied.

18. Kroger is without knowledge or information sufficient to form a belief as to what Plaintiff understood and therefore, the truth of the allegations in this paragraph, and on that basis denies them.

19. Kroger is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

**PRAYER FOR RELIEF**

Kroger denies each and every allegation contained Wolverine's Prayer for Relief, denies that Wolverine is entitled to any relief on any of its claims, denies that Kroger engaged in any violation of the law or other wrongdoing, and denies that Wolverine is entitled to any relief whatsoever, including any damages, interest, costs, costs, expenses, an accounting of acts, or other purported equitable relief.

**DEFENSES**

Without assuming any burden that it would otherwise not have, Kroger asserts the following affirmative or other defenses in response to the allegations in the Complaint. Wolverine's burden of proof is established by applicable law and is not changed by Kroger's defenses. Kroger reserves the right to assert any separate and additional defenses that may be supported by information or facts obtained through discovery or other means during this case. Kroger expressly reserves the right to amend its Answer and Counterclaims to assert such separate and additional defenses and counterclaims in the future.

**FIRST DEFENSE**
**(Non-infringement)**

1. Kroger has not infringed and does not infringe any valid and enforceable claim of the '689 Patent, whether literally or under the doctrine of equivalents, whether directly, indirectly, jointly, or in any other manner.

2. Kroger is not liable, either jointly, severally, or in the alternative, for any infringing acts that it did not commit. At least one or more steps or portions of the claimed methods were performed by a party other than Kroger and/or were not directly or indirectly supplied to or from Kroger.

## SECOND DEFENSE
### (Invalidity)

3. The '689 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*. Kroger will serve its invalidity contentions in accordance with the invalidity contention deadlines set in forthcoming procedural schedule for this case.

## THIRD DEFENSE
### (Limitations on Damages)

4. Wolverine's right to seek damages, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. § 286.

5. "Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286. Wolverine filed its complaint on September 4, 2025. Thus, pursuant to § 286, Wolverine cannot seek damages for alleged acts of infringement before September 4, 2019.

## FOURTH DEFENSE
### (Failure to Conduct a Reasonable Pre-Filing Investigation)

6. Wolverine's claims are barred, in whole or in part, due to a failure to conduct a reasonable pre-filing investigation as required by Federal Rule of Civil Procedure 11 and controlling Federal Circuit precedent interpreting that rule. On information and belief, Wolverine lacked an adequate factual and legal basis to allege infringement of the asserted patent(s), including under 35 U.S.C. §§ 271 and 281, because a reasonable inquiry would have revealed that Kroger does not make, use, sell, offer to sell, or import any product or practice any method within the scope of the asserted claims. Wolverine's failure to perform the investigation required by Rule 11 renders its allegations objectively baseless and warrants dismissal of the Complaint, an award of fees under 35 U.S.C. § 285, and such further relief as the Court deems appropriate.

## FIFTH DEFENSE
### (Equitable Defenses)

7. Wolverine's claims for relief are barred or limited under the equitable doctrines of implied license, estoppel, waiver, exhaustion, unclean hands, inequitable conduct, acquiescence, and/or first sale doctrine.

## SIXTH DEFENSE
### (Failure to State a Claim)

8. Wolverine's Complaint fails to state a claim on which relief can be granted.

## SEVENTH DEFENSE
### (Prosecution History Estoppel)

9. Wolverine's claim of infringement with respect to the '689 Patent is barred, in whole or in part, by the doctrine of prosecution history estoppel. The actions, statements, amendments, and/or arguments to the U.S. Patent and Trademark Office during the prosecution estops Wolverine from obtaining a claim construction under which Kroger would or could be found to infringe.

## EIGHTH DEFENSE
### (No Injunctive Relief)

10. Wolverine is not entitled to injunctive relief because it failed to plead the requisite elements for such relief, any alleged injury to Wolverine is not immediate or irreparable, Wolverine has an adequate remedy at law for any alleged injury, the balance of hardships does not warrant a remedy in equity, and/or there is no compelling public interest that would be disserved by an injunction.

## NINETH DEFENSE
### (No Willful Infringement)

11. Wolverine is not entitled to enhanced damages because Kroger has not willfully infringed any claim of the '689 Patent.

## TENTH DEFENSE
### (Not An Exceptional Case)

12. Kroger's conduct does not give rise to an exceptional case under 35 U.S.C. § 285.

## OTHER AFFIRMATIVE DEFENSES

13. Kroger's investigation of its defenses is ongoing, and thus Kroger expressly reserves the right to assert any and all other additional defenses as pertinent under Rule 8 of the Federal Rules of Civil Procedure and the patent laws of the United States, and any other defenses at law or in equity that exist now or may be available in the future.

14. WHEREFORE, Kroger asks that this Court dismiss Wolverine's action against Kroger with prejudice, enter judgment that Wolverine take nothing on its claims against Kroger, award Kroger its attorneys' fees and costs of defending this action, and such other and further relief as it may be entitled.

## COUNTERCLAIMS

1. Kroger asserts the following counterclaims against Wolverine:

### THE PARTIES AND JURISDICTION

2. Kroger's counterclaims arise under the United States patent laws, 35 U.S.C. §§ 101 et seq. and Title 37 of the Code of Federal Regulations and seek declaratory relief for which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201, 2202.

3. Defendant/Counterclaim Plaintiff Kroger is a corporation organized under the laws of Ohio having its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202.

4. According to the Complaint, Wolverine is a Texas Limited Liability Company with its principal place of business located in Austin, Texas. Wolverine is subject to general personal jurisdiction in Texas and has consented to personal jurisdiction and venue in this District by filing this lawsuit in this District.

5. An actual and justiciable controversy exists under the Declaratory Judgment Act with respect to the alleged infringement, validity, and enforceability of the '689 Patent.

6. This controversy has sufficient immediacy and reality to warrant the issuance of declaratory relief.

7. The Court has personal jurisdiction over Wolverine by virtue of, at least, its filing of this action.

8. To the extent venue of this action commenced by Wolverine is found to be proper, venue for these Counterclaims is also proper in the district pursuant to 28 U.S.C. § 1391(b)–(c).

## FIRST COUNTERCLAIM
### (Non-Infringement of the '698 Patent)

9. Kroger re-alleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of its Counterclaim.

10. In its Complaint, Wolverine alleges that Kroger infringes the '689 Patent.

11. Because Wolverine filed a patent infringement lawsuit against Kroger, an actual and justiciable controversy exists between Kroger and Wolverine with respect to at least whether Kroger has infringed and continues to infringe any valid and enforceable claim of the '689 patent.

12. Kroger has not infringed and does not infringe any valid and enforceable claim of the '689 patent.

13. On information and belief, Wolverine has never made, used, sold, or offered for sale any instrumentality embodying the inventions recited in claims 1-3 of the '689 patent.

14. On information and belief, Wolverine's predecessors-in-interest never made, used, sold, or offered for sale any instrumentality embodying the inventions recited in claims 1-3 of the '689 patent.

15. On information and belief, Wolverine has not identified any infringing transaction by Kroger that is alleged to have occurred within the State of Texas.

16. On information and belief, Wolverine has not identified any infringing transaction that is alleged to have occurred within this District.

17. On information and belief, the accused instrumentalities must include Kroger Pay accounts in which funds have been deposited.

18. On information and belief, the accused instrumentalities include only those Kroger Pay transactions involving a customer having an account balance of deposited funds in an account established in a User Vendor Management Server.

19. During prosecution of the '689 patent, the applicant distinguished the claimed inventions on the basis that the prior art described a one-time-password rather than a User ID Barcode.

20. In Response to an Office Action filed December 17, 2015, applicant wrote, "Even if Choe is modified by Wong to read a User ID Barcode, this barcode has to be supplemented for each transaction since the Choe system operates upon the User's phone number and PIN together with an OTP. This OTP is a 'one-time password' which must be transmitted to POS via internet to the vendor and via phone network to purchaser at time of purchase, then be renewed for each separate commercial transaction." *Id*. at p. 5.

21. On information and belief, Wolverine did not confirm that the code generated by Kroger Pay is a one-time-code, used only for a single transaction with a new code provided for each ensuing transaction.

22. On information and belief, the only code depicted in Dkt. 1-2, is the same one shown in the cited 2023 Reddit post:

https://www.reddit.com/r/softwaregore/comments/16k3ond/are_you_enjoying_kroger_pay/

23. On information and belief, Wolverine did not use Kroger Pay to confirm infringement before filing the Complaint.

24. On information and belief, Wolverine did not use a current version of Kroger Pay to confirm infringement before filing the Complaint.

25. On information and belief, Wolverine did not understand or recognize that the Kroger Pay system uses a one-time code as evidenced simply by using the Kroger Pay system.

26. During use of the Kroger Pay App, it can be seen by visual inspection that the code generated for each transaction differs.

27. On information and belief, Wolverine did not perform or observe transactions using a code that is stored and reused.

28. On information and belief, Wolverine did not perform or witness any allegedly infringing transaction using Kroger Pay before filing its Complaint.

29. On information and belief, Wolverine has not identified any code in the Kroger Pay system that corresponds to the recited User ID Barcode that is stored in a User Vendor Management Server to permit purchases to be made at a vendor, as required by rows 1.2 and 1.3 of Wolverine's claim chart. See Dkt. 1-2.

30. On information and belief, Wolverine has not identified any User Account in a User Vendor Management Server.

31. The accounts described in Kroger's website that are referenced in row 1.4 of Wolverine's claim chart are, on information and belief, managed and stored by third parties, not Kroger. See Dkt. 1-2. As shown in the webpage referenced in Wolverine's claim chart, these are third party accounts including those provided by PayPal, CashApp, and seis, entities unrelated to Kroger.  https://www.kroger.com/i/account-funding. See Dkt. 1-2.

32. On information and belief, Wolverine did not visit or review https://www.kroger.com/i/account-funding before filing its Complaint.

33. On information and belief, Wolverine has not identified any code in the Kroger Pay system that is used repeatedly for subsequent purchase transactions. See Dkt. 1-2.

34. Admit that Wolverine believes it complied with Rule 11 before filing its Complaint.

35. Admit that Wolverine believes it did an adequate investigation before filing its Complaint.

36. Absent a declaration of non-infringement, Wolverine will continue to wrongfully assert the '689 Patent against Kroger and thereby cause Kroger irreparable injury and damage.

37. This controversy has sufficient immediacy and reality to warrant the issuance of declaratory judgment.

38. A judicial declaration concerning these matters is necessary and appropriate so that Kroger can ascertain its rights regarding the '689 Patent.

## SECOND COUNTERCLAIM
### (Invalidity of the '689 Patent)

39. Kroger re-alleges and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of its Counterclaim.

40. The asserted claims of the '689 patent are invalid for failing to meet the conditions for patentability set forth in Pre-AIA 35 U.S.C. §§ 101 *et seq.* For example, the asserted claims of the '689 patent are invalid as directed to non-statutory subject matter under 35 USC §101 as being directed to an abstract method of organizing human activity relating to fundamental economic principles or practices and/or commercial or legal interactions. Furthermore, the claims of the '689 Patent are also invalid under 35 U.S.C. § 112 as indefinite because the claims, when viewed in the context of the claim language, specification, and prosecution history of the '689 Patent, do not inform, with reasonable certainty, those skilled in the art about the scope of the claims.

41. An actual and justiciable controversy exists between Kroger and Wolverine based on Wolverine having filed the Complaint alleging infringement of the '689 patent.

42. Absent a declaration of invalidity, Wolverine will continue to wrongfully assert the '689 patent against Kroger and thereby cause Kroger irreparable injury and damage.

43. Kroger therefore seeks a declaration that the asserted claims of the '689 patent are invalid for failing to meet the conditions for patentability in 35 U.S.C. §§ 1 *et seq.*

## KROGER'S PRAYER FOR RELIEF

Having answered Wolverine's Complaint and asserted Affirmative and Other Defenses and having submitted the Counterclaim, Kroger respectfully seeks the following relief:

A. A judgment that Wolverine did not conduct an adequate prefiling investigation at it was required to do;

B. A judgment that Kroger has not directly, indirectly, jointly, individually, and/or willfully infringed the '689 Patent;

C. A judgment that the '689 Patent is invalid and/or unenforceable;

D. A judgment in favor of Kroger on all of its Defenses and Counterclaims;

E. A judgment in favor of Kroger denying Wolverine any relief whatsoever and dismissing its Complaint with prejudice;

F. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Kroger its attorneys' fees and prejudgment interest, and an award to Kroger of all of its costs of this action; and

G. Such other relief as the Court shall deem just and proper.

## KROGER'S DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Kroger hereby demands a jury trial on all issues so triable.

Dated: December 1, 2025             **PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ William P. Atkins*
William P. Atkins
Benjamin Kiersz
PILLSBURY WINTHROP SHAW PITTMAN
7900 Tysons Place; Suite 500
McLean, Virginia 22102
Phone: 703-770-7900
Fax: 703/770-7901
Email: william.atkins@pillsburylaw.com
benjamin.kiersz@pillsburylaw.com

Greg Love
Texas Bar No. 24013060
STECKLER WAYNE & LOVE, PLLC
107 East Main Street
Henderson, Texas 75652
Phone: 903.212.4444
Fax: 903.392.2267
Email: greg@swclaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 1, 2025.

*/s/ William P. Atkins*
William P. Atkins