IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **WOLVERINE BARCODE IP, LLC,**<br>Plaintiff,<br><br>v.<br><br>**THE KROGER CO.,**<br>Defendant | Civil Action No. 7:25-cv-00401<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWER TO DEFENDANT CRESTRON ELECTRONICS, INC.'S COUNTERCLAIMS**

Wolverine Barcode IP LLC ("Wolverine") files this Answer to Defendant The Kroger Co.("Defendant" or "Kroger")'s Counterclaims. The paragraph numbering below corresponds to the paragraph numbering in Defendant's Counterclaims.

**COUNTERCLAIMS**

1. No response is necessary.

**PARTIES AND JURISDICTION**

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied.

7. Admitted.

8. Admitted.

## FIRST COUNTERCLAIM
## NON-INFRINGEMENT OF THE '698 PATENT

9. No response is necessary.

10. Admitted.

11. Denied.

12. Denied.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Plaintiff admits that the applicant noted that Chloe describes a one-time password.

20. Admitted.

21. Denied.

22. Admitted.

23. Plaintiff admits that Wolverine did not use Kroger Pay.

24. Plaintiff admits that Wolverine did not use Kroger Pay.

25. Denied.

26. Denied.

27. Admitted.

28. Admitted.

29. Admitted.

30. Denied.

31. Denied.

32. Denied.

33. Admitted.

34. Admitted.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

## SECOND COUNTERCLAIM
## INVALIDITY OF THE '698 PATENT

39. No response is necessary.

40. Denied.

41. Admitted.

42. Denied.

43. No response is necessary.

## JURY DEMAND

No Response is necessary. Both parties demand trial by jury.

## PRAYER FOR RELIEF

Plaintiff denies that Defendant is entitled to the relief its seeks in its Prayer.

## DEFENSES AND AFFIRMATIVE DEFENSES

Wolverine alleges and asserts the following defenses and affirmative defenses in response to the allegations in the Complaint. Regardless of how such defenses are listed herein,

Wolverine undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. In addition to the defenses described below, Wolverine reserves all rights to amend or supplement these defenses as additional facts become known.

- Kroger has failed to allege how it is entitled to relief under Rule 11 or § 1927; and,
- Kroger has failed to allege how it is entitled to relief under § 285.

## RESERVATION OF ADDITIONAL DEFENSES

Wolverine's investigation of this matter is ongoing. It reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state or federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)

***Attorneys for Wolverine Barcode IP, LLC***

**CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of December 10, 2025, with a copy of the foregoing via e-mail.

                                      */s/ William P. Ramey, III*
                                      William P. Ramey, III