IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **Wolverine Barcode IP, LLC,** **Plaintiff** v. **The Kroger Co.,** **Defendant.** | Civ. No. 7:25-cv-00401-DC-DTG |

# RULE 11 MOTION

Rule 11 requires that factual contentions presented to the Court have evidentiary support when they are submitted. The claim chart accompanying Plaintiff's Complaint in this case demonstrated that the accused instrumentality does not infringe the asserted patent. Despite notice and repeated opportunities, Plaintiff has elected to proceed with this case. Rule 11 exists to prevent exactly this circumstance: the continued prosecution of a claim that lacks evidentiary support and cannot succeed.

## BACKGROUND

The Complaint (Dkt.1) of Plaintiff Wolverine Barcode IP, LLC ("Wolverine") asserts infringement of U.S. Patent No. 9,280,689 (" '689 patent" and Dkt. 1-1).

**1) The Asserted Patent**

According to the Complaint, "The '689 patent relates to novel and improved methods and apparatuses for conducting offline transactions that use a barcode as a method of personal identification". Dkt. 101 at ¶7. The sole independent patent claim requires the following:

> (a) providing a personal code to a person for their use to purchase goods;
> (b) converting said personal code into barcode format to form a User ID Barcode, said User ID Barcode corre-

Claim 1 then requires vendors to scan the User ID Barcode and barcodes of the products being purchased at the vendor cash register with a barcode scanner. The pertinent portions of claim 1 are highlighted in yellow below.

> (f) conducting purchases at vendors each having a vendor server wherein ==each purchase includes scanning product barcodes including product price and said User ID Barcode with a product barcode scanner at the vendor cash register== and transmitting both product barcodes and User ID Barcode to said vendor server;
> (g) detecting the User ID Barcode at the vendor server and forwarding the ID Barcode and purchase price to said User Vendor Management Server;
> (h) comparing the purchase price with the funds in said User Vendor Management Server to determine if there are available funds within the credit limit in the User Vendor Management Server account, and if there are, sending an approval signal to the vendor server;
> (i) forwarding the approval signal to the vendor cash register; and
> (i) ==repeating steps (f) through (i) for subsequent purchase transactions using said User ID Barcode.==

The issue before this Court focuses on the last section in claim 1's language above; the yellow highlighted section (i).[1] The User ID Barcode stays the same "for subsequent purchase transactions" and does not change.

---

[1] Claim 1 has two portions labeled (i). Because only the second (i) is relevant to this motion, any references to (i) should be understood to refer to the second (i).

**2)  The Accused Instrumentality**

To purportedly demonstrate infringement, Wolverine's Complaint relies upon its Exh. B which is Dkt. 1-2. The technical documentation in Exh. B describes the accused Kroger Pay app of Defendant The Kroger Co. ("Kroger").

This technical documentation confirms that the Kroger Pay app generates a new code for each transaction. The figure below is from Wolverine's Exh. B, with yellow highlighting added. The red line is from Wolverine's original filing.

> 7:25-cv-00401     Document 1-2     Filed 09/04/25     Page 20 of 23
>
> To pay for a purchase using Kroger Pay, you must open the Kroger Pay functionality with the App on your mobile phone and authenticate your identity when prompted via PIN, fingerprint or facial recognition. Once you are authenticated, Kroger Pay will generate and deliver <mark>a transaction-specific QR</mark> (Quick Response) Code to your mobile phone that you must scan at the POS (manned or self-checkout) to initiate payment at checkout. The QR Code includes your Kroger Co. Family of Stores Rewards program information as well as your tokenized payment card information. <u>If the transaction is approved</u>, a printed receipt will be available at checkout. The Kroger Pay wallet supports split tender transactions to the extent otherwise permitted at the point of sale at the Kroger Family of Companies.
> <*https://developer-ce.kroger.com/documentation/public/security/guides-oauth#:~:text=The%20Kroger%20authorization%20server%20uses,and%20authorize%20all%20API%20requests.*>

Wolverine's pleading confirms that the Kroger Pay app changes its code with each transaction. The '689 patent, however, requires that "said User ID Barcode" be used repeatedly "for subsequent purchase transactions." Dkt. 1-1.

- 3 -

**3) Previous Efforts To Resolve This Situation**

Before filing an Answer and Counterclaim (Dkt. 12) on Dec. 1, 2025, Kroger attempted to resolve this case, including advising Wolverine's counsel that there was no infringement. On Friday Dec. 5, 2025, counsel met and conferred and this included the non-infringement explanation discussed above. On Monday Dec. 8, 2025, Wolverine responded by lowering its settlement demand and then, by filing its Answer (Dkt. 15) to Kroger's Counterclaims on Dec. 10, 2025, in advance of the deadline. Dkt. 19 (incorrectly titled "Plaintiff's Answer to Defendant Creston Electronics, Inc.'s Counterclaims").

On. Dec.11, 2025, Kroger sent a letter memorializing the Dec. 5, 2025 discussion and requested a response the following week. That letter is attached as **Exh. 1**. With no response, Kroger sent a follow-up email on Dec. 18, 2025. Shortly after being enjoined from filing complaints asserting patent infringement in this District without advance permission, Wolverine's counsel confirmed that this case would proceed. See *mCom IP, LLC v Cisco Systems, Inc.*, 6:22-cv-00261-ADA, Dkt. 78 (Dec. 18, 2025).

An agreed motion for Entry of Scheduling Order was filed and ordered. Dkt. 23. That Scheduling Order required that on Jan. 21, 2026, Wolverine serve preliminary infringement contentions, conception and reduction to practice documentation, file histories, and identify the priority date.

As of Feb. 12, 2026, the date this Rule 11 Motion is being served on Wolverine, Kroger has received none of these materials and no discovery requests have been served.

## **LEGAL STANDARD**

Rule 11 motions are decided using regional circuit law. *ResQNet.com, Inc. v. Lansa, Inc.,* 594 F.3d 860, 873 (Fed. Cir. 2010). In the Fifth Circuit, Rule 11 violations are determined under "an objective, not subjective standard of reasonableness under the circumstances." *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1367 (Fed. Cir. 2012). Rule 11's objective standard of reasonableness is applied "at the time a 'pleading, motion, or other paper' is signed… . Like a snapshot." *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 874 (5th Cir. 1988)(en banc).

Rule 11(b)(3) requires an attorney filing a complaint to certify that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." "Thus, an attorney violates Rule 11(b)(3) when an objectively reasonable attorney would not believe, based on some actual evidence uncovered during the prefiling investigation, that each claim limitation reads on the accused device." *Symbology Innovations, LLC v. Valve Corp.*, Civ. No. 2:23-CV-00419-JRG, Dkt. 110 at pgs. 9-10 (Jan. 31, 2025) (quoting *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1074 (Fed. Cir. 2002)).

The absence of a single claim element in an accused product or process is fatal to a claim of infringement. *Becton Dickinson and Co. v. C.R. Baird, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990); *The Laitram Corp. v. Rexnord Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). Moreover, a party that does not infringe an independent claim cannot, as a matter of law, infringe any claim that depends from it, because a dependent claim incorporates all limitations of the independent claim. 35 U.S.C. § 112(d).

It is a long-held principle of patent claim construction that the word "said" or "the" refers back to the initial recitation of a limitation or claim term. See, e.g., *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015) ("The use of the term 'said' indicates that this portion of the claim limitation is a reference back to the previously claimed 'pre-processing parameters.'").

## ARGUMENT

Wolverine's Complaint violates Rule 11(b)(3) because it contains factual contentions that it knew or should have known were false. Wolverine's allegations do not merely fail to plausibly allege infringement. They establish non-infringement. Therefore, Kroger respectfully asks this Court to shift the avoidable costs created by Wolverine's decision to continue litigating a patent infringement claim that fails on the face of the pleadings.

### 1) The '689 Patent Requires That the Same Barcode Be Used

The '689 patent has three claims, all of which Wolverine asserted against Kroger. Dkt 1, ¶8. Of these, only claim 1 is independent. Dkt. 1-1, p. 27. Claim 3, for example, is dependent, requiring the limitations of claim 1 and further requiring that "said User ID Barcode is stored by said person on a label secured to a credit card or secured to a user's cell phone." *Id*.

Claim 1 requires:

(b) converting said personal code into barcode format **to form a User ID Barcode**, **said User ID Barcode** corresponding to said personal code and including at least one special character to distinguish the barcode as a **User ID Barcode** from a product barcode. …

(f) conducting purchases at vendors each having a vendor server wherein each purchase includes scanning product barcodes including product price and **said User ID Barcode** with a product barcode scanner at the vendor cash register …

[comparing the transaction amount with the person's available funds and approving the purchase]

(i) repeating steps (f) through (i) for subsequent purchase transactions using **said User ID Barcode.**

*See, id*. (emphasis added).

Each of the three asserted claims require that the same (said) *User ID Barcode* be used for "subsequent purchase transactions."

**2)   Wolverine's Exh. B Confirms That the Accused Item Uses Different Codes**

Wolverine's Exh. B clearly states that the accused system generates a new code for each transaction, "a transaction-specific" code. Dkt. 1-1, p. 20. Placing Wolverine's pleadings side-by-side underscores the lack of infringement.

| Claim 1 of '698 Patent | Wolverine Exh. B |
|---|---|
| repeating steps (f) through (i) for subsequent purchase transactions using said User ID Barcode. | Kroger Pay will generate and deliver a transaction-specific QR (Quick Response) Code to your mobile phone … to initiate payment |

**3)   Wolverine's Infringement Theory Falls Below the Threshold of Reasonableness**

Rule 11 requires that a complaint's factual contentions have evidentiary support. Wolverine's pleading violates this standard in three independent ways. First, a complaint cannot allege facts that negate a required element of infringement. Doing so violates Rule 11(b)(3). Second, no reasonable attorney could conclude that an accused

instrumentality infringes when the complaint itself pleads the absence of a required claim limitation. Third, Wolverine's Complaint contains factual contentions that it knew or should have known were false, further breaching its obligations under Rule 11(b)(3).

When considered together with the December 5th discussion and Kroger's other efforts to resolve this issue (Exh. 1), these facts also demonstrate violations of Rule 11(b)(1), which prohibits needlessly increasing the cost of litigation, and Rule 11(b)(2), which requires that claims and legal contentions be legally warranted.

In short, Wolverine's allegations are objectively baseless because, under the very facts Wolverine pleads, infringement is legally impossible. Rule 11 exists precisely to prevent this kind of meritless litigation from proceeding.

## 4) SAFE-HARBOR COMPLIANCE

To try and avoid this Rule 11 Motion, Kroger discussed the foregoing lack on infringement with Wolverine's counsel on Dec. 5, 2026. Kroger then memorialized that discussion in the Dec. 11, 2026 letter, which ended by citing Rule 11. **Exh. 1**.

Pursuant to Rule 11(c)(2), Kroger served Wolverine with this Motion on February 12, 2026, more than twenty-one days before filing, thereby affording Wolverine the opportunity to respond accordingly. Wolverine has not done so within the safe-harbor period and Kroger now files this Motion.

## SANCTIONS REQUESTED

Kroger respectfully requests that this Court impose sanctions sufficient to deter repetition of this conduct, including: an award of Kroger's reasonable attorneys' fees and costs incurred when responding to the Complaint; fees and costs incurred in preparing this Rule 11 Motion; and any other such sanctions as the Court deems appropriate.

## **CONCLUSION**

Wolverine's Complaint violates Rule 11 because it alleges infringement based on factual contentions that confirm there is no infringement. The Court should grant Kroger's Motion and impose appropriate sanctions.

Respectfully submitted,

Dated: March 6, 2026

By: */s/ William P. Atkins*
William P. Atkins
CUSHMAN PARTNERS LLC
1100 H Street; Suite 740
Washington, D.C. 20005
Phone: 202-991-0006
Email: wpa@cushmanlaw.com

Greg Love
Texas Bar No. 24013060
STECKLER WAYNE & LOVE, PLLC
107 East Main Street
Henderson, Texas 75652
Phone: 903.212.4444
Fax: 903.392.2267
Email: greg@swclaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2026, pursuant to Federal Rule of Civil Procedure 11(c)(2), I served the foregoing Rule 11 Motion on counsel for Plaintiff by email and first class mail. This motion is served for purposes of Rule 11's 21-day safe harbor provision and is not being filed with the Court at this time.

*/s/ William P. Atkins*
William P. Atkins

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 6, 2026.

_____
William P. Atkins
