

Pillsbury Winthrop Shaw Pittman LLP
7900 Tysons One Place, Suite 500 | McLean, VA 22102 | tel 703.770.7900 | fax 703.770.7901


William Atkins
Tel: +1.703.770.7777
william.atkins@pillsburylaw.com


December 11, 2025

**VIA EMAIL (wramey@rameyfirm.com & litattorneys@rameyfirm.com)**
**And by 1st CLASS MAIL**

William P. Ramey, III
Ramey LLP
5020 Montrose Blvd.
Suite 800
Houston, TX 77006

      Re: Wolverine Barcode IP, LLC v. The Kroger Co., 7:25-cv-00401 (WDTX)

Dear Mr. Ramey:

      This letter memorializes our call of this past Friday, Dec. 5, 2025 and responds to your latest settlement demand of this past Monday.

      In the above-noted case, U.S. Patent No. 9,280,689 is being asserted. See Dkt. 1. This '689 Patent has only one independent claim. See Dkt. 1-1.

      That sole independent claim requires "a User ID Barcode." The claim requires, "each purchase includes scanning product barcodes including product price and said User ID Bar code with a product barcode scanner at the vendor cash register and transmitting both product barcodes and User ID Barcode to said vendor server." The claim also requires that, "subsequent purchase transactions us[e] said User ID Barcode." Said User ID Barcode means the same User ID Barcode previously recited. That is, the User ID Barcode does not change. On our call on Friday, I pointed this out and that the prosecution history confirmed this subsequent purchase transaction language was added in response to a rejection by the U.S. Patent and Trademark Office examiner.

      The Complaint provides a chart and alleges infringement by "Kroger Pay". See Dkt. 1-2. The chart provides the following:

www.pillsburylaw.com

December 11, 2025
Page 2

> To pay for a purchase using Kroger Pay, you must open the Kroger Pay functionality with the App on your mobile phone and authenticate your identity when prompted via PIN, fingerprint or facial recognition. Once you are authenticated, ==Kroger Pay will generate and deliver a transaction-specific QR (Quick Response) Code== to your mobile phone that you must scan at the POS (manned or self-checkout) to initiate payment at checkout. The QR Code includes your Kroger Co. Family of Stores Rewards program information as well as your tokenized payment card information. <u>If the transaction is approved</u>, a printed receipt will be available at checkout. The Kroger Pay wallet supports split tender transactions to the extent otherwise permitted at the point of sale at the Kroger Family of Companies.
>
> <*https://developer-ce.kroger.com/documentation/public/security/guides-oauth#:~:text=The%20Kroger%20authorization%20server%20uses,and%20authorize%20all%20API%20requests.*>

    We added the yellow highlighting because the pleading itself confirms that Kroger Pay generates "a transaction-specific QR (Quick Response) Code." Kroger does not reuse the code as is required by the sole independent claim of the asserted patent. Accordingly, there can be no infringement and your own pleadings confirm this. As I wrote to you on Dec. 1, 2025, before filing Kroger's answer and counterclaims, "There is and can be no infringement for multiple reasons." Your client's responses to Kroger's counterclaims further demonstrate the inadequacy of the pre-filing investigation.

    As we discussed, Kroger is willing to forego the attorneys' fees it has been forced to incur, but only if this case is dismissed with prejudice and the dismissal confirms that no settlement or license exists. Kroger requires your written affirmation on or before 5 pm ET on Wednesday, December 17, 2025. If that affirmation is not provided, Kroger has directed us to pursue Rule 11 sanctions without further delay.

    We look forward to your considered response.

                                                Regards,

                                                William P. Atkins